**Nevada KEY, Administratrix of the Estate of Cegal Key, Deceased; Nevada Key, as Widow and dependent of Cegal Key, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CV80–G–0504–S.**

United States District Court,
N. D. Alabama, S. D.

April 24, 1981.

---

Donald G. Beebe and Robert B. Roden, Jones & Roden, Birmingham, Ala., for plaintiff.

James P. Klapps and Raymond A. Nowak, Torts Branch, Civil Division, Dept. of Justice, Washington, D. C., Herbert J. Lewis, III and Henry Frohsin, Asst. U. S. Attys., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff, Nevada Key, brought this action against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, seeking recovery for the wrongful death of her husband, Cegal Key. The complaint alleges that plaintiff's decedent died on August 14, 1978, as a result of an accident while working as an employee at the Jim Walter Resources' Bessie Mine, located in Graysville, Alabama. Recovery against the defendant is predicated on the negligence of the federal government, through mine inspectors of the Mining Enforcement and Safety Administration (MESA), Department of the Interior, (now Mine Health and Safety Administration [MSHA], Department of Labor) in the execution and enforcement of mine safety legislation. However, this court, by its order dated December 9, 1980, dismissed all counts of plaintiff's complaint containing allegations of negligent inspection or negligent failure to inspect and negligent approval of the decedent's employer's use of dangerous and unsafe mining practices. The only remaining portion of plaintiff's complaint is the portion of count three that alleges that the United States, through its agents, negligently "instructed" the mine operator to use certain mining practices which were unsafe and dangerous.

The uncontradicted evidence submitted by affidavit states that the accident in which the plaintiff's decedent died occurred because ribs of the mine were not supported or otherwise controlled to protect persons from a fall of ribs as required by 30 C.F.R. § 75.200, which provides:

Each operator shall undertake to carry out on a continuing basis a program to improve the roof control system of each coal mine and the means and measures to accomplish such system. The roof and ribs of all active underground roadways, travelways, and working places shall be supported or otherwise controlled adequately to protect person from falls of the roof or ribs.

30 C.F.R. § 75.200 is merely a restatement of what is required by the statute itself at 30 U.S.C. § 862(a).

The uncontradicted facts show that the only plan on file with the Mine Safety and Health Administration at the time of the accident in the Bessie Mine related to rib control was a Roof Control Plan approved by MESA on July 29, 1978. This plan contained no provisions concerning the method for the support or control of ribs. However, as stated in 30 U.S.C. § 862(a) and 30 C.F.R. § 75.200, the mining operator was under an independent statutory duty to adequately support or control ribs to protect persons from the fall of ribs. It also appears that no instructions, advice or directives were given by any MESA/MSHA

personnel or official to the mine operator prior to the accident with respect to the control or support of ribs in the mine's ongoing mining operation.

Thus, it appears that even if the defendant should not have approved the mining operator's Roof Control Plan without provisions for the support or control of ribs, such approval does not constitute negligence, as the mine operator is still under a statutory duty to adequately support or control ribs to protect persons from the falls of ribs. Furthermore, this court has already dismissed the portion of plaintiff's complaint alleging negligent approval of the unsafe and dangerous mining practices by plaintiff's decedent's employer. No other possible "instructions" appear to have been given.

As plaintiff has not shown a genuine factual issue for trial, defendant's motion for summary judgment is due to be granted in accordance with the reasoning set forth above.

A separate order consistent with this Memorandum Opinion will be entered contemporaneously herewith.